UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

WEI WEI ZHAO, XIN WANG,

                                    Plaintiffs,

                    - against -

PRETTY NAIL, LLC d/b/a PRETTY NAILS & SPA,
JAMES ZHAO, XIAO WEI DAI a.k.a DIANA, and YI
ZHANG

                                    Defendants.

---

Case No.

**COMPLAINT AND JURY
TRIAL DEMAND**

---

Plaintiffs Wei Wei Zhao ("Zhao") and Xin Wang ("Wang") ("Plaintiffs" collectively), by and through their undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against Defendants PRETTY NAIL, LLC d/b/a PRETTY NAILS & SPA, JAMES ZHAO, XIAO WEI DAI, and YI ZHANG ("Defendants" collectively) allege and show the Court the following:

## NATURE OF THE ACTION

1.    Plaintiffs bring this action seeking monetary damages and affirmative relief based upon Defendants' violations of the minimum wage and overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the minimum wage, overtime and wage payment provisions of Connecticut law, Conn.Gen.Stat. § 31-58 et seq. The Plaintiff seeks to double his unpaid wages pursuant to both the FLSA and Connecticut law and his reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3.      This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4.      This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in the State of Connecticut.

## THE PARTIES

6.      Plaintiff Zhao was, at all relevant times, an adult individual residing in Flushing, New York.

7.      Plaintiff Wang was, at all relevant times, an adult individual residing in Flushing, New York.

8.      Plaintiffs were employed by Defendants from June 17, 2015 to September 7, 2015 as a nail technicians at Pretty Nail, LLC d/b/a Pretty Nails & Spa.

9.      Upon information and belief, Defendant Pretty Nail, LLC. is a company registered in Connecticut in 2009.  Pretty Nail, LLC is an owner and operator of Pretty Nails & Spa located at 1060 West Main Street, Branford, Ct, 06405. Pretty Nail, LLC is at all relevant times an employer of Plaintiffs under state and federal law.

10.     Upon information and belief, Defendant James Zhao is an owner, officer,

shareholder, and manager of Pretty Nail, LLC. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Spa, establish their wages, set their work schedules, and maintain their employment records.

11.     Upon information and belief, Defendant Xiao Wei Dai is an owner, officer, shareholder, and manager of Pretty Nail, LLC. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at the Spa, establish their wages, set their work schedules, and maintain their employment records.

12.     Upon information and belief, Defendant Yi Zhang is an owner, officer, shareholder, and manager of Pretty Nail, LLC. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at the Spa, establish their wages, set their work schedules, and maintain their employment records.

13.     During the times relevant to this Complaint, Defendants have generated more than $500,000 in revenues for during all relevant years.

14.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

15.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

## STATEMENT OF FACTS

### Plaintiff Wei Wei Zhao

16.     Plaintiff Zhao was employed by Defendants from June 17, 2015 to September 7, 2015, as a nail technician at Pretty Nails & Spa.

17.     During the employment of Plaintiff by Defendants, Plaintiff Zhao was paid a daily rate of $90. She also receive commissions on the different categories of services she provided, for example, she would receive a $3 commission for a $28 value foot massage, a $2 commission for color gel nail service, a commission of 10% on an uv gel nail service.

### Plaintiff Xin Wang

18.     Plaintiff Wang was employed by Defendants from June 17, 2015 to September 7, 2015, as a nail technician at Pretty Nails & Spa.

19.     During the employment of Plaintiff by Defendants, Plaintiff Wang was paid a daily rate of $120. She also receive commissions on the different categories of services she provided, for example, she would receive a $3 commission for a $28 value foot massage, a $2 commission for color gel nail service, a commission of 10% on an uv gel nail service.

20.     Both Plaintiffs received tips from the customers directly or via customer's credit card payment.

21.     Defendants required Plaintiffs to work six days per week with one day off on Thursday according to the following schedule: Monday, Tuesday, Wednesday, and Saturday: 9:00 a.m. to 8:00 p.m.; Sunday: 9: 30 a.m to 6:30 p.m. Plaintiffs did not have any break for each work day . This resulted in a total work week of approximately sixty-four (64) hours for Plaintiffs.

22.     Defendants failed to pay Plaintiffs' fixed salary for their last week of work and illegally retained their commissions and tips for their last day at work.

23.     Plaintiffs were required to work for Defendants well in excess of forty (40) hours per week, yet Defendants failed to pay Plaintiffs overtime compensation for hours worked in excess of forty hours per week.

24. Defendants also failed to pay Plaintiffs' commission and tips for the last day of their employment.

25. Defendants willfully failed to post a notice explaining the Fair Labor Standards Act in a conspicuous place in the workplace, as prescribed by the Wage and Hour Division of the U.S. Department of Labor and required by 29 C.F.R. § 516.4.

26. Defendants, in contravention of Conn. Gen. Stat. § 31-66, willfully failed to post a notice of the minimum wage order, Conn. State Agencies Regs. § 31-62-El, and of regulations issued by the Labor Commissioner of the State of Connecticut.

27. Defendants, in contravention of Conn. Gen. Stat. § 31-71f, willfully failed to post a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

28. Defendants also willfully violated the provisions of Conn. Gen. Stat. § 31-71f by failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

29. Plaintiffs' work were performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

30. The work performed by Plaintiffs required little skill and no capital investment.

31. Plaintiffs did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

## STATEMENT OF CLAIMS

### *FIRST CLAIM FOR RELIEF:*
### *FAIR LABOR STANDARDS ACT*

32.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33.     At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

34.     Defendants willfully failed to pay Plaintiffs the federal statutory minimum wage throughout their entire employment in violation of 29 U.S.C. § 206(a)(1).

35.     Defendants willfully failed to pay Plaintiffs for all hours worked in excess of forty hours per week for each week, in violation of 29 U.S.C. § 207(a)(1).

36.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiffs, the Defendants have failed to make, keep and preserve records with respect to Plaintiffs sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA,  29 U.S.C. § 211(c).

37.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38.     Defendants are jointly and severally liable to all restaurant workers for violations of their rights under federal law.

39.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages,

reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF:
### CONNECTICUT WAGE AND HOUR LAW

40.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

41.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. § 31-58(f).

42.     Defendants willfully violated Plaintiff's rights by failing to pay him compensation for all hours worked, the state statutory minimum wage as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

43.     Defendants willfully failed to distribute records of hours worked, earnings and overtime to the restaurant workers, in violation of Conn. Gen. Stat. § 31-13a.

44.     Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. § 31-66.

45.     Defendants willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies § 31-62-E1 and of regulations issued by the Labor Commissioner of the State of Connecticut, in violation of Conn. Gen. Stat. § 31-66.

46.     Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71f.

47.     Defendants willfully failed to advise employees in writing, at the time of

hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. § 31-71f.

48.     Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. § 31-51ii(a).

49.     As a result of these violations, Plaintiff suffered damages.

50.     Defendants are jointly and severally liable to Plaintiff for violations of his rights under state law.

51.     Due to the Defendants' CMWA violations, Plaintiff is entitled to recover from Defendants twice amount of his unpaid wages, unpaid minimum wages and unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

### THIRD CLAIM FOR RELIEF:
### BREACH OF CONTRACT

52.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53.     Defendants collectively entered into oral, written, and/or implied contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

54.     Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

55.     Defendants breached the contracts with Plaintiff by failing to pay contractually established wages for work performed by Plaintiff.

56.     Defendants' contracts with Plaintiff implied payment of overtime wages, in

accord with federal and state law.

57.     Because of Defendants' breach of contract, Plaintiff suffered from a loss of expected wages.

58.     Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

59.     Plaintiff is entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

### FOURTH CLAIM FOR RELIEF:
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

60.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61.     Defendants collectively entered into written and/or oral contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

62.     Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

63.     Defendants, in bad faith, denied Plaintiff the benefit of the contract by failing to pay the contractually established wages.

64.     Defendants' bad faith is demonstrated by Defendant's failure to pay contractually required wages, failure to pay statutorily mandated overtime, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiff.

65.     Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff suffered from a loss of expected wages.

66.     Plaintiff is entitled to damages for Defendants' contract breaches for 6 years

preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

67.     Plaintiff is entitled to monetary damages equal to the amount specified in contracts entered with Defendants, plus interest.

### FIFTH CLAIM FOR RELIEF:
### UNJUST ENRICHMENT & QUANTUM MERUIT

68.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     By laboring at Defendants' two restaurants, Plaintiff provided benefits to Defendants.

70.     Plaintiff expected to be compensated for the labor he provided to Defendants. Defendants' unjust failure to pay Plaintiff wages for all labor performed constituted a distinct detriment to the Plaintiff.

71.     Accordingly, Plaintiff is entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

### SIXTH CLAIM FOR RELIEF:
### FAILURE TO REIMBURSE EXPENSES RELATING TO TOOLS OF THE TRADE

72.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.     At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

74.     Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, that is, $500 per month on gas, oil change, car maintenance and repair.  At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for

expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

75.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

b.   An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of overtime compensation and minimum wages due under the FLSA and the CMWA;

d.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as minimum wage and overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

e.   An award of damages arising out of the non-payment of wages;

f.   An award of prejudgment and post-judgment interest;

g.   Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good

faith and fair dealing, and breach of contract implied through quantum meruit), plus

interest;

h.  An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

i.  Such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the complaint.


Dated:  Flushing, New York  November 16, 2016   HANG & ASSOCIATES, PLLC.


*/S/ JIAN HANG*
Jian Hang (ct29549)
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

     I am an employee currently or formerly employed by Pretty Nai & Spa, James Zhao, Xiao Wei Dai and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Wang Xin
_____
Print

Wang Xin
_____
Signature

4/22/2016
_____
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Pretty Nai & Spa, James Zhao, Xiao Wei Dai and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Zhao Weiwei

Print

Zhaoweiwei

Signature

4 / 22 / 2016

Date

14